# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00523-CV

### Walter Zawislak, MD, Appellant

### v.

### Texas Medical Board, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-17-000211, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Walter Zawislak, MD appeals from the district court's judgment in his suit against the Texas Medical Board (TMB). Zawislak sued the TMB under the Texas Tort Claims Act, alleging that he suffered personal injury from the TMB's use of its expert witness's investigative report, expert-witness report, and deposition testimony in a hearing before the State Office of Administrative Hearings (SOAH). The district court sustained the TMB's plea to the jurisdiction and granted the Board's Rule 91a motion to dismiss and motions for summary judgment. We will affirm.

### Background

In June 2012, the TMB filed a complaint against Zawislak at SOAH for alleged violations of the Texas Medical Practice Act. *See generally* Tex. Occ. Code §§ 151.001–170.003.

The TMB's complaint alleged that Zawislak's treatment of an emergency-room patient violated the Texas Medical Act and the TMB's rules.

During the proceedings before SOAH, the TMB offered into the administrative record an expert report and deposition testimony of its expert witness, John Bruce Moskow, MD. Zawislak moved to strike Moskow's testimony and written report, alleging that Moskow was not qualified as an expert. The administrative law judge overruled Zawislak's motion. Ultimately, after a hearing on the merits, the SOAH judge issued a final order in February 2015 that publicly reprimanded Zawislak, ordered monitoring of his medical practice, and required him to complete a medical jurisprudence examination, at least 24 hours of continuing medical education, and a physician assessment.

Almost two years later, in January 2017, Zawislak filed this case against the Board, asserting a claim for negligence under the Texas Tort Claims Act (TTCA), which provides a limited waiver of sovereign immunity when, as relevant here, "personal injury . . . [is] caused by a condition or use of tangible personal . . . property" where "the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(2); *see generally id.* §§ 101.001–.109 (provisions of TTCA). Premised on Zawislak's assertion that Moskow's expert report and deposition testimony constitute tangible personal property under the TTCA, Zawislak alleged in his pleadings that the TMB's negligent use of Moskow's expert report and deposition testimony in the administrative proceeding against him proximately caused him personal injury, including mental anguish, medical expenses, loss of services, and loss of past and future earning capacity.

In response to Zawislak's suit, the TMB filed a plea to the jurisdiction, a motion to dismiss under Rule 91a, and traditional and no-evidence motions for summary judgment. *See* Tex. R. Civ. P. 91(a) (allowing dismissal of claims without basis in law or fact). The TMB argued in support of its plea and motions that because the expert report and deposition testimony do not constitute tangible personal property under the TTCA, sovereign immunity barred his claim. *See* Tex. Civ. Prac. & Rem. Code § 101.021(2); *University of Tex. Med. Branch v. York*, 871 S.W.2d 175, 178–79 (Tex. 1994) (holding that sovereign immunity barred claim where plaintiff failed to meet TTCA's "tangible personal property" requirement). The TMB also argued that it was entitled to summary judgment on its affirmative defenses of limitations, collateral estoppel, and res judicata. After a hearing, the district court sustained the TMB's plea to the jurisdiction and dismissed Zawislak's action. The district court also granted in the same order TMB's motion to dismiss and motions for summary judgment. Zawislak perfected this appeal.

**Discussion**

Zawislak challenges the district court's order in eight issues, but we address only his third and fourth—which address jurisdiction—because our disposition of those issues is dispositive of his appeal.[1]

---

[1] Restated generally, Zawislak complains that the district court erred; (1) in granting a motion to dismiss because his live petition alleges sufficient facts to invoke a waiver of immunity; (2) in granting an untimely Rule 91a motion; (3) in not allowing him to replead to establish a waiver of immunity; (4) in sustaining the plea to the jurisdiction because the expert report and deposition testimony constitute tangible personal property; (5) in granting the summary judgment because limitations had not run; (6) in granting summary judgment because the expert report and deposition testimony constitute tangible personal property; (7) in granting summary judgment based on collateral estoppel or res judicata; and (8) in admitting into evidence allegedly "perjured" evidence

3

The TTCA provides a limited waiver of sovereign immunity when, as relevant here, personal injury is "caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(2). The Texas Supreme Court has explained that "tangible personal property" refers to "something that has a corporeal, concrete, and palpable existence." *York*, 871 S.W.2d at 178. Zawislak contends on appeal that because Moskow's expert report and deposition testimony constitute tangible personal property under the TTCA, it was error for the district court to sustain the TMB's plea to the jurisdiction on this ground. We disagree.

Although the paper (or other format) on which Moskow's report and deposition testimony was recorded is tangible, Zawislak does not allege that he was injured by the paper. Rather, the gravamen of Zawislak's argument is that the TMB used the *information* in Moskow's expert report and deposition testimony to injure him. Stated differently, he does not allege that he suffered a personal injury from the use of the paper on which the report and testimony were recorded, but by the use of the information in that paper. Information is intangible and, thus, does not constitute tangible personal property under section 101.021(2) of the TTCA. *See id.* at 179 (holding that TTCA does not waive immunity for negligence involving the use, misuse, or nonuse of information in patient's medical records). Accordingly, the district court did not err in sustaining the TMB's plea to the jurisdiction, and we overrule Zawislak's fourth issue.

In his third issue, Zawislak contends that the district court should have given him the opportunity to amend his pleadings to cure any jurisdictional defects. *See, e.g.*, *Texas A&M Univ.*

---

regarding the validity of Moskow's medical license.

*Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (pleader must be given opportunity to amend pleadings if jurisdictional defects can be cured). But Zawislak's pleading defect—i.e., that the expert report and deposition testimony on which his case relies is not tangible personal property—cannot be cured, and Zawislak has made no suggestion as to how to cure it. Accordingly, the district court did not err by failing to give him the opportunity to replead. *See id.* ("[A] pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect."). We overrule Zawislak's third issue.

## Conclusion

Because the district court lacked jurisdiction over Zawislak's claim, we affirm the district court's judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Kelly

Affirmed

Filed: January 25, 2019

5